AMERICAN INTERNATIONAL GROUP, INC., et al., Plaintiffs,

v.

BANK OF AMERICA CORPORATION, et al., Defendants.

No. 11 Civ. 6212(BSJ).

United States District Court, S.D. New York.

Oct. 20, 2011.

Michael Barry Carlinsky, Quinn, Emanuel, Urquhart & Sullivan, LLP, New York, NY, for Plaintiffs.

Richard Christopher St. John, Marc T.G. Dworsky, Munger, Tolles & Olson, LLP, David M. Halbreich, Reed Smith, LLP, Los Angeles, CA, Jordan W. Siev, Amy J. Greer, Brian Scott Goldberg, Jennifer Lynn Achilles, Reed Smith, LLP, New York, NY, William Miller Krogh, Reed Smith, LLP, Philadelphia, PA, for Defendants.

### Memorandum & Order

BARBARA S. JONES, District Judge.

Plaintiffs brought this action in the Supreme Court for the State of New York, County of New York, alleging claims under the Securities Act of 1933 and common law claims for, *inter alia*, fraud and negligent misrepresentation. Defendants re-

moved the case to federal court pursuant to 28 U.S.C. § 632 and 28 U.S.C. § 1334(b). Defendants then filed a notice with the Judicial Panel on Multidistrict Litigation to transfer this case to the Central District of California where a multidistrict litigation involving eight actions against Countrywide is pending. Plaintiffs now move to remand to state court, alleging there is no jurisdiction under either § 632 or § 1334(b). For the reasons stated below, the Court DENIES Plaintiffs' motion for remand to state court.

## BACKGROUND

This suit involves 349 residential mortgage-backed securities ("RMBS") that AIG purchased and for which Bank of America, Merrill Lynch, and Countrywide affiliates ("Defendants") acted as underwriters, sponsors, depositors, and originators. Plaintiffs allege that the Defendant-originators of the underlying loans "encouraged borrowers to falsify loan applications, pressured property appraisers to inflate home values, and ignored obvious red flags in the underwriting process." Complaint, ¶ 3. They contend further that Defendants' underwriting guidelines in the lending process "had been replaced by an undisclosed governing principle: Defendants would originate or acquire any loan that could be sold to third-party investors like AIG through RMBS securitization no matter how risky." *Id.* ¶ 4.

Plaintiffs filed suit in state court, asserting causes of action under the Securities Act of 1933 and common law claims for fraudulent inducement, aiding and abetting fraudulent inducement, negligent misrepresentation, and successor and vicarious liability. Asserting two grounds for federal jurisdiction, Defendants then removed to federal court. Defendants first claimed jurisdiction was proper under the Edge Act, 12 U.S.C. § 632, because Plaintiffs' claims "arise[ ] out of transactions involving international or foreign banking, or

banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries." In their amended notice of removal, Defendants asserted that some of the properties underlying the loans in some of the challenged RMBS were located in dependencies and insular possessions of the United States. They further stated that the loan pools included some mortgage loans originated by subsidiaries of (unspecified) foreign banks. It appears that of the 349 RMBS, 4 involved such territorial mortgages.

As an additional ground for federal jurisdiction, Defendants claimed the case is "related to" bankruptcy proceedings, 28 U.S.C. § 1334(b), and thus removable under 28 U.S.C. § 1452(a). Defendants represented that the sponsors of some of the RMBS—or their parent companies—are now in bankruptcy proceedings. And, because Defendants have indemnification and/or contribution agreements with some of these originators, they may be entitled to assert those indemnification/contribution claims in the bankruptcy estate(s). Plaintiffs challenge both grounds of jurisdiction.

## DISCUSSION

■ The jurisdiction-granting provision of the Edge Act, § 632, states that a case "arise[s] under the laws of the United States" if (1) the case is civil in nature, (2) one of the parties is a corporation organized under the laws of the United States (i.e., a national bank), and (3) the suit arises out of transactions involving international banking or international financial operations (including territorial banking). *Jana Master Fund, Ltd. v. JP Morgan*

*Chase & Co.,* 490 F.Supp.2d 325, 328 (S.D.N.Y.2007).

The gravamen of Plaintiffs' jurisdictional argument is that the challenged RMBS transactions relate only tenuously, at best, to any foreign or territorial banking activity. Also, as a threshold matter, Plaintiffs contend that Edge Act jurisdiction is barred by the well-pleaded complaint rule because the complaint, on its face, does not mention any loans originated in U.S. dependencies or insular possessions, or any other foreign banking transactions. The Court addresses these arguments in turn.

Plaintiffs' well-pleaded complaint argument fails. The Second Circuit has acknowledged that § 632 provides an explicit statutory exception to the well-pleaded complaint rule. *Westmoreland Capital Corp. v. Findlay,* 100 F.3d 263, 268–69 (2d Cir.1996), *abrogated on other grounds by Vaden v. Discover Bank,* 556 U.S. 49, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009).

The Court finds the remainder of Plaintiffs' attacks on Edge Act jurisdiction equally unpersuasive. Plaintiffs first argue that their complaint challenges the RMBS, not the underlying mortgage transactions. Thus, they claim, the mortgaged properties in U.S. territories cannot support Edge Act jurisdiction. That distinction is unavailing in this case for two reasons. For one, Edge Act jurisdiction only requires that the case arise from transactions "involving" territorial or foreign banking, and indeed, that involvement can be incidental. *Bank of America Corp. v. Lemgruber,* 385 F.Supp.2d 200, 214–15. Here, that requirement is plainly satisfied by the presence of the territorial mortgages. Additionally, Plaintiffs' claims challenge the quality and value of the RMBS, the resolution of which will turn, at least in part, on whether the underlying mortgage

loans complied with the underwriting standards described in Defendants' offering materials. Complaint, ¶¶ 5, 110, 169. Thus, their claims directly implicate the mortgage transactions.

Plaintiffs next argue that there was no "banking in" a dependency or insular possession because there was no banking activity actually conducted in a U.S. territory. Again, the Court is not persuaded by that argument, and agrees with Defendants that lending on a property in a jurisdiction constitutes banking there—particularly here, where, for at least two of the loans, the borrowers and homes were in a U.S. territory. Slechta Decl. Exs. E–F.

Relatedly, Plaintiffs contend that because the territorial mortgages are so few relative to the 359 RMBS transactions challenged, that the case cannot be said to "arise out of" banking in the territorial U.S. However, Plaintiffs fail to point the Court to any recognized *de minimis* exception to Edge Act jurisdiction. Rather, it appears that Edge Act jurisdiction lies even if the foreign or territorial transactions comprise only a "small portion" of the challenged transactions. *Pinto v. Bank One Corp.,* No. 02 Civ. 8477, 2003 WL 21297300, at *3 (S.D.N.Y. June 4, 2003). The cases Plaintiffs cite, which deal with the presence of a "banking law issue" and not the relative size of the foreign/territorial component, are not to the contrary.

Finally, Plaintiffs attempt to drive a wedge between the Edge Act's two-fold requirement of a national bank and a foreign transaction by pointing out that Bank of America, N.A.—the nationally-chartered bank defendant for purposes of the Edge Act analysis—"is not a party to any of AIG's claims on RMBS involving territorial U.S. mortgages." Reply Mem. in Support of Mot. to Remand, at 5. The Court is

not convinced that the Edge Act requires a perfect match between the particular entity involved in the territorial transaction and the party against whom the claim is brought. *See Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786 (2d Cir.1980) (finding Edge Act jurisdiction based on a foreign transaction between two parties, one of which was named in the complaint but not a party to the original suit brought to the federal court). In any event, with respect to the territorial loans in Guam and the Virgin Islands, Bank of America, N.A. is being sued as a successor to Countrywide. On these facts, the Court believes there is sufficient relationship between the national bank and the territorial banking.[1]

## CONCLUSION

For these reasons, the Court finds that federal jurisdiction lies and will fulfill its "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Accordingly, Plaintiffs' motion for remand to state court is DENIED.

**SO ORDERED.**

---

**1.** Because the Court finds that federal jurisdiction is proper under § 632, it declines to address whether jurisdiction is also proper under the "related to" doctrine.